Mark L. Javitch (California SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705

*Attorney for Plaintiff*
And those similarly situated.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

|  |  |  |
|---|---|---|
| **MANUEL GUADIAN**, individually, and on behalf of all others similarly situated, | § § § § | |
| Plaintiff, | § § | Civil Action No.:  3:25-cv-145 |
| v. | § § | **CLASS ACTION COMPLAINT** |
| **LUA SATELLITE, LLC**., a Florida Limited Liability Company, | § § § § | |
| Defendant. | § § | |

## PRELIMINARY STATEMENT

Plaintiff MANUEL GUADIAN, individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant LUA SATELLITE, LLC. (hereinafter "LUA") to stop their illegal practice of placing unsolicited calls to consumers, and to obtain redress for all persons injured by their conduct. Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse,* Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from and/or on behalf of Defendant LUA. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

1

## NATURE OF THE ACTION

1.     As part of their marketing campaign, Defendant LUA placed unsolicited calls to thousands of consumers whose phone numbers were registered on the National Do Not Call Registry.

2.     Defendant LUA did not obtain consent prior to placing these unsolicited calls, and, therefore, is in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

3.     Congress enacted the TCPA in 1991 in response to "a torrent of vociferous consumer complaints about intrusive robocalls."

4.     The TCPA instructed the Federal Communications Commission to "prescribe regulations to implement methods and procedures for protecting the privacy rights [of consumers] . . . in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers." 47 U.S.C. § 227(c)(2).

5.     The TCPA explicitly authorized the FCC to establish a "single national database" of telephone numbers belonging to those who object to receiving telephone solicitations. *Id*. § 227(c)(3).

6.     By placing these unsolicited calls to people without their prior express written consent, Defendant LUA violated the privacy and statutory rights of Plaintiff and the Class.

7.     Plaintiff therefore seeks an injunction requiring Defendant LUA to stop their unconsented calling, as well as an award of actual and statutory fines to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

8.     Plaintiff Manuel Guadian is an individual residing in El Paso, County Texas and was present for all causes of action complained of herein within El Paso, Texas.

9.     Defendant LUA is a limited liability company organized and existing under the laws of Florida.

## JURISDICTION AND VENUE

10.     This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

11.     This Court has specific personal jurisdiction over Defendant LUA because they caused the violating calls to be sent to Plaintiff in this District.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the injury occurred in this District.

## COMMON FACTUAL ALLEGATIONS

13.     Defendant LUA operates as an authorized retailer and/or partner of AT&T.

14.     Defendant LUA sent out unsolicited calls soliciting Plaintiff and the putative class for AT&T's services.

15.     Defendant failed to obtain prior express written consent from Plaintiff or the putative class.

## PLAINTIFF'S FACTUAL ALLEGATIONS

16.     Plaintiff is a natural person who resides in this District.

17.     Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

18.     Plaintiff's telephone number ending in -5579 is a residential number and is registered to a cellular telephone service.

19.     Plaintiff's telephone number ending in -5579 is used for personal purposes and is not associated with business.

20.     Plaintiff successfully registered his telephone number ending in -5579 on the National Do-Not-Call Registry on January 03, 2023, which was more than 31 days prior to receiving the alleged calls in this complaint.

21.     Plaintiff never asked the National Do-Not-Call Registry administrator to remove him from the National Do-Not-Call Registry and Plaintiff was on the National Do-Not-Call Registry at all times relevant to this Complaint.

22.     AT&T is a telecommunications company that offers a variety of services to consumers that include WIFI internet services.

23.     Defendant LUA is an AT&T authorized retailer and/or partner.

24.     As part of their marketing and to generate new business, LUA launched a nationwide telemarketing campaign to solicit AT&T services.

25.     Defendant's nationwide telemarketing campaign consists of making unsolicited calls to hundreds and thousands of consumers' residential telephone numbers without obtaining the recipients' prior express written consent.

26.     Plaintiff fell victim to Defendant's telemarketing campaign as he received unsolicited calls from Defendant LUA.

27.     Plaintiff has received more unsolicited calls from Defendant LUA within the past two years that are unknown to Plaintiff (because the numbers were spoofed) at this time but will be revealed through the Defendant's telephone records in discovery.

28.     Defendant's telemarketing campaign has reached hundreds if not thousands of other consumers' residential telephone numbers nationwide.

29.     As per the FTC and FCC, for profit sellers who make outbound calls to sell goods and services to residential telephone numbers are required to subscribe to the National Do Not Call Registry (hereinafter "NDNCR") database and pay a fee for each area code they plan to call.

30.     As per the FTC and FCC, profit sellers who make outbound calls to sell goods and services to residential telephone numbers are required to download the NDNCR list and remove such telephone numbers from their calling lists and update their calling lists every thirty-one days.

31.     Defendant fails to scrub its calling lists against the NDNCR database.

32.     Despite Plaintiff's telephone number -5579 being registered on the NDNCR, Plaintiff received at least five unsolicited calls from Defendant LUA during the month of March 2025, on the following dates and times:

Call #1 – 3/18/25 @ 4:28 PM, from Caller ID (915) 751-2646
Call #2 – 3/19/25 @ 10:02 AM, from Caller ID (915) 221-8151
Call #3 – 3/22/25 @ 9:57 AM, from Caller ID (915) 293-4625
Call #4 – 3/22/25 @ 3:54 PM, from Caller ID (915) 312-0538
Call #5 – 3/24/25 @ 12:14 PM, from Caller ID (915) 496-9553

33.     Defendant LUA spoofed the Caller ID on each of the alleged calls made to Plaintiff using a (915) area code in attempt to trick Plaintiff into thinking the calls were being made locally.

34.     As per the Telemarketing Sales Rule (hereinafter "TSR"), telemarketers are required to clearly identify themselves and the company they represent at the beginning of the call.

35.     Defendant LUA failed to clearly identify themselves and/or whom they were calling on behalf of at the beginning of the alleged calls.

36.     Plaintiff answered each of the alleged calls and was greeted by agents with Defendant LUA with the same sales pitch promoting Wi-Fi internet services.

37.     Plaintiff advised Defendant LUA on the first alleged call that he was not interested in their promotions or services and disconnected the call.

38.     Despite this, Plaintiff received at least four additional unsolicited calls from Defendant LUA.

39.     For the sole purpose of identifying the individuals calling him illegally, and for no other reason, Plaintiff engaged and investigated the fifth alleged call.

40.     Plaintiff answered and was connected to an agent with Defendant LUA who was promoting Wi-Fi internet services.

41.     Defendant LUA's agent collected Plaintiff's property address and solicited Plaintiff for "fiber Wi-Fi internet".

42.     Defendant LUA's agent advised Plaintiff that the promotional rate for AT&T's Wi-Fi's services was $65/month with a $20 activation fee.

43.     While on the call with Defendant LUA, Plaintiff received a series of emails regarding the Wi-Fi internet services solicited to Plaintiff that included the "AT&T order summary."





44.     The email Plaintiff received with the order summary identified LUA and AT&T.

45.     The order summary lists Defendant LUA as the "Dealer name."

46.     The order summary lists AT&T as the company providing Wi-Fi internet services.

47.     Defendant would benefit financially from the Wi-Fi internet services solicited to Plaintiff.

48.     Plaintiff was charged the $20 activation fee by AT&T.



**AT&T**
Mar 24 at 12:48 PM

# $20.00

---

**Transaction details**

✓   **Complete**
    Purchase from AT&T

$   **Payment method**
    Black Card 5340
    Online purchase

🖉   **On statement as**
    AT&T *PAYMENT

49.     Plaintiff never provided his prior express written consent to receive the alleged calls.

50.     The calls were nonconsensual encounters that were not made for emergency purposes.

51.     The calls were made to Plaintiff for the purpose of encouraging AT&T Wi-Fi services.

52.     Defendant LUA has a solicitation registration certificate on file with the Texas Secretary of State as required to make telephone solicitations to Texas residents either directly or through their agents.

53.     The https://direct.sos.state.tx.us/telephone/telephonesearch.asp site ("Texas Registration Database") does not contain Defendant's registration.

54.     Defendant LUA does not qualify for an exemption under § 302.053.

55.     Plaintiff was harmed by the alleged calls.

56.     Plaintiff was temporarily deprived of legitimate use of his phone because his privacy was improperly invaded. Moreover, the alleged calls injured Plaintiff because it was frustrating, obnoxious, annoying, and was a nuisance and disturbed the solitude of Plaintiff.

## INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF THE DEFENDANT'S ACTIONS

57.     The alleged calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

58.     Plaintiff has been harmed, injured, and damaged by the alleged calls including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of his cell phone.

## CLASS ALLEGATIONS

59.     **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and a class defined as follows:

> **TCPA Class**.  All persons in the United States who: (1) from the last 4 years to present (2) Defendant called (3) whose telephone numbers were registered on the National Do Not Call registry for more than 30 days at the time.

> **Texas Subclass**.  All persons in Texas who: (1) from the last 4 years to present (2) Defendant called (3) whose telephone numbers were registered on the Federal Do Not Call registry for more than 30 days at the time.

60.     The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant's, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons

whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

61.     **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but individual joinder is impracticable. On information and belief, the Defendant sent unsolicited calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through the Defendant's records.

62.     **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of the Defendant's uniform wrongful conduct and unsolicited calls.

63.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

64.     **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. The Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on the Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

65.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any

questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

     a.   Whether the unsolicited calls were caused by Defendant;

     b.   Whether the unsolicited calls promoted Defendant's products or services;

     c.   Whether Defendant checked the phone numbers to be called against the National Do Not Call Registry;

     d.   Whether Defendant obtained written express consent prior to placing unsolicited calls;

     e.   Whether members of the Class are entitled to treble damages based on the knowingness and/or willfulness of the Defendant's conduct.

66.    **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by the Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from the Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

    //

    //

**First Cause of Action:**
**Violation of 47 U.S.C. § 227(c)**
**Do Not Call Provision**
**(On behalf of Plaintiff and the TCPA Class)**

67.     Plaintiff alleges the preceding paragraphs as if set forth here in full.

68.     The telephone numbers of Plaintiff and the Class are registered on the National Do Not Call Registry.

69.     Defendant placed unsolicited phone calls to Plaintiff and the Class members' DNC registered telephones without having their prior written consent to do so.

70.     Defendant's actions constitute violations of 47 U.S.C. § 227(c) of the TCPA, by soliciting telephone numbers listed on the Federal Government's National Do Not Call Registry 47 C.F.R. § 64.1200(c)(2).

71.     The phone calls were made for the commercial purpose.

72.     As a result of their unlawful conduct, Defendant repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages.

73.     Plaintiff is entitled to an award of at least $500 in damages for each such violation (47 U.S.C. § 227(c)(5)(B)) or $1,500 if the violation is knowing or willful. 47 U.S.C. § 227(c)(5).

74.     Plaintiff also seeks a permanent injunction prohibiting the Defendant and/or their affiliates or agents from making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry.

**Second Cause of Action:**
**Violations of The Texas Business and Commerce Code § 305.053**
**(On Behalf of Plaintiff and the Texas Subclass)**

75.     Plaintiff alleges the previous paragraphs as if set forth here in full.

76.     The Texas Business and Commerce code has an analogous portion that is related to the TCPA and was violated in this case.

77.     The foregoing acts and omissions of the Defendant constitute multiple violations of the Texas Business and Commerce Code § 305.053, by making non-emergency telemarketing

11

calls to Plaintiff and the putative class's cellular telephone numbers without their prior express written consent in violation of 47 U.S.C. § 227 *et seq*.

78.    Plaintiff sent the Defendant a notice of violation and request for remedy under Texas Business and Commercial Code § 17.505(a).

79.    Plaintiff seeks for himself an award of at least $500.00 in damages for each such violation. Texas Business and Commerce Code § 305.053(b).

80.    Plaintiff seeks for himself an award of up to $1,500.00 in damages for each such knowing or willful violation. Texas Business and Commerce Code § 305.053(c).

<u>**Third Cause of Action:**</u>
**Violations of The Texas Business and Commerce Code § 302.101**
**Failure to obtain a Telephone Solicitation Registration Certificate**
<u>**(On behalf of Plaintiff and the Texas Subclass)**</u>

81.    Plaintiff alleges the previous paragraphs as if set forth here in full.

82.    Defendant placed illegal solicitation sales calls to Plaintiff and the putative class without having a valid telephone solicitation as required under Tex. Bus. Com. Code 302.101.

83.    The actions of the Defendant also violated Texas Business and Commerce Code § 302.101 by placing solicitation phone calls to a Texas resident without having a registration certificate and bond on file with the Texas Secretary of State.

84.    A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such.

85.    Plaintiff sent a notice of violation and request for remedy under Texas Business and Commercial Code § 17.505(a).

86.    As a result of the Defendant's and/or their affiliates or agents' violations of the Texas Business and Commerce Code § 302.101, Plaintiff may and does seek damages of up to $5,000.00 for each violation. Texas Business and Commerce Code § 302.302(a).

87.    As a result of the Defendant's and/or their affiliates or agents' violations of §302.101, Plaintiff seeks all reasonable costs of prosecuting this action, including court costs, deposition costs, and witness fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MANUEL GUADIAN, individually and on behalf of the Class, prays for the following relief:

A.     An order certifying the Class as defined above, appointing Plaintiff as the Class representative and appointing his counsel as Class Counsel;

B.     An order declaring that the Defendant's actions, as set out above, violate § 227(c) of the TCPA;

C.     An order declaring that the Defendant's actions, as set out above, violate § 302.101 of the Texas Business and Commerce code;

D.     An order declaring that the Defendant's actions, as set out above, violate § 305.053 of the Texas Business and Commerce code;

E.     An order declaring that the Defendant's actions, as set out above, violate the TCPA willfully and knowingly;

F.     An award of $1,500 per call in statutory damages arising from the § 227(c) for each intentional violation;

G.     An order declaring that the Defendant's actions, as set out above, violate the Texas Business and Commerce code willfully and knowingly;

H.     An award of $1,500 in statutory damages arising from the Texas Business and Commerce code § 305.053 for each intentional violation;

I.     An award of $5,000 in statutory damages arising from the Texas Business and Commerce code § 302.101 for each intentional violation;

J.     An injunction requiring the Defendant to cease placing all unlawful calls;

K.     An award of reasonable attorneys' fees and costs; and

L.     Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.


Dated: April 24, 2025,                Respectfully submitted,


By:  /s/ Mark L. Javitch
Mark L. Javitch (California SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorneys for Plaintiff and the Putative Class*