UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **MANUEL GUADIAN,** individually, and on behalf of all others similarly situated | § § § | |
| *Plaintiff*, | § | EP-25-CV-00145-DCG |
| v. | § § | |
| **LUA SATELLITE, LLC** | § § | |
| *Defendant.* | § | |

## ORDER REQUIRING PARTIES TO BRIEF ARTICLE III STANDING

For the following reasons, the Court **ORDERS** the parties to brief Defendant Lua Satellite, LLC's putative defense that Plaintiff lacks standing to maintain the above-captioned suit under Article III of the Constitution.

### I.      Background

Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act ("TCPA") and the Texas Business and Commerce Code by placing several unwanted calls to his cell phone.  Compl., ECF No. 1, at 1, 11–12.

Defendant answered Plaintiff's Complaint on June 20, 2025.  Def.'s Answer, ECF No. 7.  Therein, Defendant claims that "any harm allegedly caused by the calls at issue (which Defendants deny) did not cause sufficient Article III injury, pursuant to *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2015) and *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021)."  *Id.* at 10.

### II.     Discussion

Article III of the U.S. Constitution limits the federal courts' jurisdiction to certain categories of "Cases" and "Controversies."  U.S. CONST. art. III, § 2; *see also, e.g.*, *Spokeo*, 578 U.S. at 337.  For a federal lawsuit to qualify as a "Case" or "Controversy" under Article III, at

1

least one plaintiff must have "standing" to bring the lawsuit. *See, e.g.*, *Spokeo*, 578 U.S. at 338 ("Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy."). To have standing, a plaintiff must (among other things) have "suffered an injury in fact." *Id.* And, "[t]o establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

Because a federal court can't exercise subject matter jurisdiction over a case unless at least one plaintiff has Article III standing, federal courts have the obligation to examine *sua sponte* whether a plaintiff has standing to sue. *See Gutierrez v. Saenz*, 93 F.4th 267, 271 (5th Cir. 2024) ("If a party lacks Article III standing to pursue claims, a federal court lacks subject matter jurisdiction to adjudicate them."); *see also United States v. Tex. Tech Univ.*, 171 F.3d 279, 288 n.12 (5th Cir. 1999) ("We must . . . consider possible objections to standing *sua sponte*."). Thus, even though Defendant answered Plaintiff's Complaint instead of affirmatively moving to dismiss this case for want of subject-matter jurisdiction, the Court must independently consider the merits of Defendant's standing argument.

The Court's initial research, however, suggests that binding precedent forecloses Defendant's Article III standing defense. In its published (and therefore precedential) opinion in *Cranor v. 5 Star Nutrition, L.L.C.*, the Fifth Circuit ruled that the "nuisance arising out of unsolicited telemarketing constitutes a cognizable injury" under Article III, and that a plaintiff who receives even a single unsolicited text message in violation of the TCPA has therefore suffered "an Article III injury sufficient to support standing." 998 F.3d 686, 688–690 (5th Cir. 2021).

Plaintiff alleges in this case that Defendant called him to advertise its Wi-fi internet services multiple times after he told Defendant to stop. Compl., ECF No. 1, at 5. Plaintiff thus

claims that Defendant's calls "harmed [him] by causing the very harm that Congress sought to prevent—a 'nuisance and invasion of privacy.'" *Id.* at 8.  Plaintiff's alleged injury therefore appears to be exactly the type of injury-in-fact that the *Cranor* court deemed sufficient to support Article III standing.  *See* 998 F.3d at 688–93.  And if that's right, then Fifth Circuit precedent squarely forecloses Defendant's standing defense.

The Court is therefore concerned that Defendant's Answer may not comply with Federal Rule of Civil Procedure 11(b).  That Rule states that "[b]y presenting to the court a pleading"—"whether by signing, filing, submitting, or later advocating it"—"an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," "the . . . defenses[] and other legal contentions" that the attorney raises in that pleading "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Here, "[e]xisting law" in the form of binding Fifth Circuit precedent appears to foreclose at least one of "the . . . defenses" that Defendant raises in its Answer, and it's not self-evident that there's "a nonfrivolous argument for . . . modifying[] or reversing" that precedent.  *See FTC v. Verma Holdings, LLC*, No. 4:13-cv-00594, 2013 WL 4506033, at *9 (S.D. Tex. Aug. 22, 2013) ("Defendants may not plead affirmative defenses for which they have no good faith factual and legal basis." (citing FED. R. CIV. P. 11(b))).

### III. Conclusion

The Court therefore **ORDERS** Defendant to **BRIEF** whether Plaintiff has suffered a cognizable injury-in-fact for Article III standing purposes.

In its briefing, Defendant **MUST ANALYZE** whether the Fifth Circuit's published opinion in *Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686 (5th Cir. 2021) forecloses Defendant's argument that Plaintiff lacks standing here.

3

If Defendant believes that *Cranor* **does not** foreclose its standing defense, then Defendant must explain, **with citation to relevant legal authority**, why *Cranor* is distinguishable or otherwise inapplicable here.

If, instead, Defendant concedes that *Cranor* **does** foreclose its Article III standing defense, then Defendant must explain, **with citation to relevant legal authority**, why Defendant's attorney had "a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" on this issue when Defendant asserted that unmeritorious defense in its Answer.  *See* FED. R. CIV. P. 11(b)(2).

Defendant **SHALL FILE** that brief by **July 15, 2025.**

Plaintiff **SHALL** then **FILE** a response to Defendant's Brief by **July 29, 2025.**

**So ORDERED and SIGNED this 24th day of June 2025.**

_____
**DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE**